UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | | |
|---|---|---|
| OLAIN JONES, | ) | |
| | ) | |
| *Plaintiffs,* | ) | |
| v. | ) | No. 1:08-cv-9 |
| | ) | *Edgar / Carter* |
| CARITEN HEALTHCARE, et al. | ) | |
| | ) | |
| *Defendants.* | ) | |

## MEMORANDUM

Plaintiff Olain Jones attempts to bring this action pursuant to the Health Insurance

Portability and Accountability Act of 1996 ("HIPAA"), Pub. L. No. 104-191, 110 Stat. 1936

(1996) (codified primarily in Titles 18, 26 and 42 of the United States Code) and certain

unidentified "civil rights."  He claims that Defendants Cariten Healthcare ("Cariten") and The

Psychology Center (the "Center") violated his medical privacy rights.  Defendants Cariten and

the Center move to dismiss Plaintiff's complaint for lack of jurisdiction.

The court has reviewed the record and the arguments of the parties and has determined

that the Defendants' motion will be GRANTED.

### I.     Background

Plaintiff Olain Jones filed his complaint *pro se* on January 11, 2008.  His short, plain

statement of the grounds for his action is: "I was terminated from my job when my medical

privacy rights were violated due to both Rick Taylor of Cariten and John Odom of The

Psychology Center contacted [sic] my employer."  Court Doc. No. 3, Complaint.

The factual circumstances surrounding Plaintiff's claims are murky at best.  Plaintiff's

own statement describing the factual scenario is as follows:

> I applied for employee assistance due to retaliation discrimination [levied] against me by the local manager of Lawler-Wood, LLC. I asked that Rick Taylor and Cariten not talk with company until I had received some mental health treatments through the assistance program. Joe Engle stated that he was going to allow me to remain with the company until he talked to Rick Taylor. I also asked John Odom not to make contact with the company until I had been helped. He asked who referred me and I stated that it was Rick Taylor. He left the room for a moment. When he returned he started speaking differently than he did before I mentioned Mr. Taylor's name. He contacted the company against my will and without a privacy release. He assumed that because I was black I was using crack and had me tested. He called my supervisor and set up a drug test that I wasn't even aware that I was going to take. I tested negative and have never used crack. Thats [sic] what he though [sic] and he was wrong and it cost me.

Complaint.

Defendants submit evidence in the record demonstrating that both Cariten and the Center are incorporated in the State of Tennessee. Plaintiff's Complaint also indicates that he is a resident of Tennessee. *See* Complaint. Defendants assert that Plaintiff's claims revolve around their alleged contacts with his former employer, Lawler-Wood, LLC. Plaintiff claims that Defendants' contacts with Lawler-Wood violated his medical privacy rights and his civil rights.

Defendants filed a motion to dismiss for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1). [Court Doc. No. 4]. In response to Defendants' motion, Plaintiff filed a response to the motion [Court Doc. No. 7], as well as a motion to amend his complaint, proposing to add unidentified "civil rights" violations [Court Doc. No. 6]. Defendants have filed their reply brief pertaining to their motion to dismiss. [Court Doc. No. 8]. Plaintiff has further filed an additional response, as well as a motion for admittance and use of a polygraph test. [Court Doc. Nos. 11, 12]. The motion to dismiss is now ripe for this court's review.

## II.     Standard of Review

Defendants bring a motion to dismiss for lack of subject matter jurisdiction. Federal Rule of Civil Procedure 12(b) provides in relevant part:

> Every defense to a claim for relief in any pleading must be asserted in the responsive pleading if one is required. But a party may assert the following defenses by motion:
> (1) lack of subject-matter jurisdiction; . . . .

Fed. R. Civ. P. 12(b)(1). "When subject matter jurisdiction is challenged under Rule 12(b)(1), the plaintiff has the burden of proving jurisdiction in order to survive the motion." *Madison-Hughes v. Shalala*, 80 F.3d 1121, 1130 (6th Cir. 1996). Further, a district court may "resolve factual disputes when necessary to resolve challenges to subject matter jurisdiction." *Id.*

The Sixth Circuit adheres to the standard of review for Rule 12(b)(1) motions explained in *Mortensen v. First Federal Savings and Loan Ass'n*, 549 F.2d 884, 890 (3d Cir. 1977):

> The basic difference among the various 12(b) motions is, of course, that 12(b)(6) alone necessitates a ruling on the merits of the claim, the others deal with procedural defects. Because 12(b)(6) results in a determination on the merits at an early stage of plaintiff's case, the plaintiff is afforded the safeguard of having all its allegations taken as true and all inferences favorable to plaintiff will be drawn. The decision disposing the case is then purely on the legal sufficiency of plaintiff's case: even were plaintiff to prove all its allegations he or she would be unable to prevail. In the interests of judicial economy it is not improper to dispose of the claim at that stage. . . .
> The procedure under a motion to dismiss for lack of subject matter jurisdiction is quite different. At the outset we must emphasize a crucial distinction, often overlooked between 12(b)(1) motions that attack the complaint on its face and 12(b)(1) motions that attack the existence of subject matter jurisdiction in fact, quite apart from any pleadings. The facial attack does offer similar safeguards to the plaintiff: the court must consider the allegations of the complaint as true. The factual attack, however, differs greatly for here the trial court may proceed as it never could under 12(b)(6) or Fed.R.Civ.Pro. 56. Because at issue in a factual 12(b)(1) motion is the trial court's jurisdiction–its very power to hear the case–there is substantial authority that the trial court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case. In short, no presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims. Moreover the plaintiff will have the burden of

proof that jurisdiction does in fact exist.

*RMI Titanium Co. v. Westinghouse Elec. Corp.*, 78 F.3d 1125, 1134 (6th Cir. 1996) (quoting *Mortensen*, 549 F.2d at 890-91).

### III.     Analysis

### A.     Diversity Jurisdiction Is Lacking

28 U.S.C. § 1332 provides that "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between– (1) citizens of different States; . . ." 28 U.S.C. § 1332(a). A corporation is considered a citizen of the state in which it is incorporated and the state where it has its principal place of business. 28 U.S.C. § 1332(c)(1).

Defendants present evidence demonstrating that the parties are all citizens of the state of Tennessee. Plaintiff presents no evidence challenging this fact. Therefore, no diversity jurisdiction exists in this case.

### B.     Plaintiff Has Failed to Demonstrate Federal Question Jurisdiction Exists

28 U.S.C. § 1331 states that "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Plaintiff alleges violations of his "medical privacy rights" in his original complaint and "civil rights" violations in his proposed amended complaint.

Plaintiff's initial complaint appears to allege a violation of HIPAA. However, HIPAA does not create a private right of action. For example, the Fifth Circuit has determined:

> HIPAA does not contain any express language conferring privacy rights upon a specific class of individuals. Instead, it focuses on regulating persons that have access to individually identifiable medical information and who conduct certain electronic health care transactions. 42 U.S.C. § 1320d-1. HIPAA provides both

civil and criminal penalties for improper disclosures of medical information. 42
U.S.C. §§ 1320d-5, d-6. However, HIPAA limits enforcement of the statute to
the Secretary of Health and Human Services. *Id.* Because HIPAA specifically
delegates enforcement, there is a strong indication that Congress intended to
preclude private enforcement. While no other circuit court has specifically
addressed this issue, we are not alone in our conclusion that Congress did not
intend for private enforcement of HIPAA. Every district court that has considered
this issue is in agreement that the statute does not support a private right of action.
Furthermore, [plaintiff] provides no authority to support her assertion that a
private right of action exists under HIPAA, and her policy arguments are
unpersuasive. We hold there is no private cause of action under HIPAA and
therefore no federal subject matter jurisdiction over [plaintiff's] asserted claims.

*Acara v. Banks*, 470 F.3d 569 (5th Cir. 2006) (citing *Agee v. United States*, 72 Fed. Cl. 284

(2006); *Walker v. Gerald*, No. 05-6649, 2006 WL 1997635 (E.D. La. June 27, 2006); *Johnson v.

Quander*, 370 F.Supp.2d 79 (D.D.C. 2005), *aff'd* 440 F.3d 489 (D.C. Cir. 2006); *University of

Colo. Hosp. v. Denver Publishing Co.*, 340 F.Supp.2d 1142 (D. Colo. 2004) (other citations

omitted)).

As in *Acara*, Plaintiff, representing himself pro se, has directed this court to no legal

precedent indicating a private right of action exists pursuant to HIPAA. Plaintiff has further

directed this court to no other legal authority indicating a different federal cause of action exists

relating to the alleged violations of his medical privacy rights.

Plaintiff's proposed amended complaint alleges violations of unnamed "civil rights". He

cites to this court's prior case of *Jones v. Men's Wearhouse, Inc.*, No. 1:04cv173 (E.D. Tenn.

Feb. 4, 2005) in support of his assertion of federal question jurisdiction. However, in that case,

Plaintiff Jones filed a civil rights lawsuit against his former employer for alleged race

discrimination and retaliation. *See* [Court Doc. No. 8, Defendant's Answer to Complaint]. In

this case, Plaintiff's claims are for violation of "medical privacy rights" and unidentified "civil

rights." Further, Plaintiff's Complaint in this action makes clear that Defendants were not his

employers, but rather supplied his employer with private medical information. As such, employment discrimination laws such as Title VII do not apply to Plaintiff's claims.

Plaintiff does not assert what other alleged "civil rights" Defendants have violated, and this Court can think of no plausible federal civil rights laws that are applicable to this situation. 42 U.S.C. § 1981 prohibits discrimination on the basis of race in the making and enforcing of private contracts. 42 U.S.C. § 1981; *see also*, *Noble v. Brinker Int'l., Inc.*, 391 F.3d 715 (6th Cir. 2004). 42 U.S.C. § 1983 protects individuals from violations of rights secured by federal law by those acting under color of state law. 42 U.S.C. § 1983; *see also, Lambert v. Hartman*, __ F.3d. __, 2008 WL 482279 *5 (6th Cir. 2008). 42 U.S.C. § 1982 protects the property rights of persons without regard to race. 42 U.S.C. § 1982; *see also, Selden Apts. v. United States Dep't. of Housing and Urban Devel.*, 785 F.2d 152, 159 (6th Cir. 1986). 42 U.S.C. §§ 1985 and 1986 protect individuals from conspiracies to interfere with their civil rights. 42 U.S.C. § 1985; 42 U.S.C. § 1986; *see also, Royal Oak Entertainment, LLC v. City of Royal Oak*, 205 F. App'x. 389, 399 (6th Cir. 2006). Plaintiff's alleged facts do not fit within the parameters of any of these civil rights causes of action. Nor do Plaintiff's contentions lend themselves to application of other civil rights laws, such as the Americans with Disabilities Act, 42 U.S.C. §§ 12201 *et seq.*, the Age Discrimination in Employment Act, 29 U.S.C. §§ 621 *et seq.*, or the Religious Land Use and Institutionalized Persons Act of 2000, 42 U.S.C. §§ 2000cc *et seq.*

Plaintiff bears the burden of demonstrating this court's subject matter jurisdiction. He has failed to do so. There are no "civil rights" laws that Plaintiff identifies that protect the violations of medical privacy alleged here. Nor are Defendants his former employers or government actors. This court concludes that Plaintiff has not sustained his burden of

demonstrating that this court has jurisdiction over his claims. Although this court will GRANT Plaintiff's motion to amend his "charge," or his Complaint, the court will DISMISS WITHOUT PREJUDICE Plaintiff's Complaint, including his amendments to the Complaint. Plaintiff's motion for admittance and use of a polygraph test will be DENIED as moot.

## IV. Conclusion

This court concludes that Plaintiff has failed to demonstrate that subject matter jurisdiction exists in this action. Therefore, this court must DISMISS this action for lack of jurisdiction. The court will also DENY Plaintiff's motion for admittance and use of a polygraph test as moot.

A separate order will enter.

ENTER this the 11th day of March, 2008.


_____/s/ R. Allan Edgar_____
R. ALLAN EDGAR
UNITED STATES DISTRICT JUDGE